## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| FREDDIE J. McZEAL | CIVIL ACTION NO. 06-2351 |
| | SECTION P |
| VS. | JUDGE DOHERTY |
| TERRY TERRELL, WARDEN | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the Court is a petition for *habeas corpus* filed by *pro se* petitioner, Freddie

McZeal, pursuant to 28 U.S.C. § 2254.  The petition was filed in this court on December

4, 2006.  Petitioner is currently confined at the Allen Correctional Center in Kinder,

Louisiana.  He challenges his 1978 conviction for armed robbery for which he is serving a

99 year sentence.  Petitioner was convicted of that crime in the 16th Judicial District Court

for Iberia Parish.

## LAW AND ANALYSIS

Petitioner admits[1] , and this court's records confirm, that petitioner has filed two

previous federal petitions for *habeas corpus* relief in which he attacked this same

conviction: *Freddie J. McZeal vs. Warden, Louisiana State Penitentiary*, Docket Number

6:80-cv-0747, and *Freddie J. McZeal vs. Warden, Louisiana State Penitentiary*, Docket

Number 6:94-cv-1898.  *See* Court Exhibits 1 and 2.  The first such petition was dismissed

---

[1] *See* doc. 4-1, "Statement of the Case," paragraph 3, "Following disposition of the Louisiana Supreme
Court, petitioner advanced to the Western District Federal Court, under Docket No. 80-0747 in 1981, and
subsequently petition under Docket No. 94-1898-L and was denied March 23, 1995."

on the merits on June 17, 1981by District Judge Shaw, following an answer by the State and a Report and Recommendation by Magistrate Judge Goode.[2] The second petition was dismissed with prejudice on March 23, 1995 by District Judge Shaw under the provisions of Rule 9(b) of the Rules Governing Section 2254 Cases in the District Court.[3] Petitioner's request for a certificate of probable cause was denied by the United States Fifth Circuit Court of Appeal on August 16, 1995. *McZeal v. Cain*, 95-30351 (5th Cir. 1995) (unpublished).

In this petition, McZeal claims that there was insufficient evidence to support his conviction, that the court gave an improper jury instruction, that there was racial discrimination in the selection of the Grand Jury which indicted him, and that he received ineffective assistance of counsel.

The instant petition is McZeal's third federal *habeas corpus* petition filed in this court, as such, it is a clearly a "second or successive" petition under 28 U.S.C. §2244.

---

[2]Petitioner raised the following grounds for relief: (1) that the trial court failed to grant petitioner 's request for a continuance; (2) that the trial court appointed petitioner inadequate counsel; (3) that the trial court failed to bar evidence of an alleged rape; (4) that the trial court failed to sustain petitioner's objection to the prosecutor's opinion of defense counsel's actions during trial; (5) that the trial court failed to sustain petitioner's objection to introduction of a gun into evidence; and (6) that the trial court failed to sustain petitioner's objection to the jury being permitted to handle the gun.

[3] Prior to the effective date of the AEDPA, the United States District Courts exercised a screening function and were authorized to dismiss successive *habeas corpus* petitions pursuant to Rule 9(b) which provided, "A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."  The AEDPA amended and enacted 28 U.S.C. § 2244(b)(ii)(3)(A) to transfer this function to the appropriate United States Circuit Court of Appeals.  That statute now provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

AEDPA does not define what constitutes a "second or successive" petition.  However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a § 2255 petition should be considered second or successive for purposes of  § 2244(b)(3).   A prisoner's petition is not second or successive simply because it follows an earlier federal petition.  *In Re Cain,* 137 F.3d 234, 235 (5th Cir. 1998).  Rather, a later petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.*  Thus, the provision has been described as "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000).  Such claims are deemed second or successive. *Id.*  The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised."  *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner  received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is "second or successive."  The claims raised herein either were or could have been raised in the two earlier petitions.

Moreover, petitioner's first prior petition was adjudicated on the merits, denied and dismissed by this court and subsequently rejected by the Fifth Circuit.  Hence, the instant petition is unquestionably "second or successive".

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Although some district courts have taken this route, it is not mandatory. In  *In Re Epps*, 127 F.3d 364 (5th Cir. 1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the circuit court is appropriate.  The *Epps* opinion does not contain a directive to the district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases.  Rather, the opinion merely adopts a

4

procedure to be used when a successive petition filed without prior authorization is transferred to that court. *Id.*

In the instant case, petitioner fails to show that he has made any attempt to obtain authorization for the instant petition. To the contrary, rather than follow the procedural prerequisites to filing in this court, petitioner instead attempted to circumvent those procedures by filing a third federal *habeas corpus* petition in this court, despite the fact that his prior petition was dismissed as second or successive petition under the provisions of Rule 9(b) of the Rules Governing Section 2254 Cases in the District Court. Moreover, in light of petitioner's two previous filings in this court, petitioner is obviously well versed in the law and should be both aware and able to request the appropriate authorization from the Fifth Circuit. Accordingly, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has requested such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed. Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. §2244(b) filed without prior authorization of the

United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 21st  day of March, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Case 6:06-cv-02351-RFD   Document 5   Filed 03/21/07   Page 7 of 10 PageID #: 85

CLOSED

# U.S. District Court
## Western District of Louisiana (Lafayette)
## CIVIL DOCKET FOR CASE #: 6:80-cv-00747-JMS

McZeal v. Warden LA State Pen
Assigned to: Judge John M Shaw
Demand: $0
Case in other court: 16th JDC, unknown
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 05/14/1980
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Plaintiff**

**Freddie J McZeal**                    represented by   **Freddie J McZeal**
#88626 Bear - 3
LA State Penitentiary
Camp C
Angola, LA 70712
PRO SE

V.

**Defendant**

**Warden Louisiana State Penitentiary**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/17/1981 |   | Case closed (Davis, C) (Entered: 10/04/1994) |



CLOSED, PRISON

# U.S. District Court
## Western District of Louisiana (Lafayette)
## CIVIL DOCKET FOR CASE #: 6:94-cv-01898-JMS-MEM

McZeal v. LA State Pen
Assigned to: Judge John M Shaw
Referred to: Honorable Mildred E Methvin
Demand: $0
Case in other court: 16th JDC, 59072
        USDC/WDLA, 80-00747
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 10/18/1994
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Plaintiff**

**Freddie J McZeal**

represented by **Freddie J McZeal**
#88626 Bear - 3
LA State Penitentiary
Camp C
Angola, LA 70712
PRO SE

V.

**Defendant**

**Warden Louisiana State Penitentiary**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/18/1994 | | Amount of fee 0/IFP . Case referred to Magistrate Judge Pamela A. Tynes (Henderson, D) (Entered: 10/19/1994) |
| 10/18/1994 | 1 | PETITION for writ of habeas corpus (styled by petitioner as a "Motion for out of time rehearing," in 6:80-0747 and ordered that this be filed as a new suit by Magistrate Judge Methvin, see doc #2) (Davis, C) (Entered: 10/19/1994) |
| 10/18/1994 | 2 | MEMORANDUM ORDER the motion for rehearing (in 6:80-0747) is denied; petitioner alleges he is actually seeking relief from custody, I will consider his motion as one for relief under section 2254; this is the 2nd habeas action petitioner has filed with this court; ordered that clerk forward a rule 9 response form and this order to petitioner; clerk to file a copy of this order into the record and to respond why his petition should not be barred under rule 9b within 30 days ( signed by Magistrate Judge Mildred E. Methvin ) NOE by: ced (Davis, C) (Entered: 10/19/1994) |

Court Ex
2

| | | |
|---|---|---|
| 10/18/1994 | 3 | ORDER petitioner is allowed to proceed in forma pauperis in this action and clerk is directed to assign a civil action number ( signed by Magistrate Judge Mildred E. Methvin ) NOE by: ced (Davis, C) (Entered: 10/19/1994) |
| 10/18/1994 | | **RECORD LOCATION flag set to SHREVEPORT; ( 1 volumes, 0 exhibit folders) (Davis, C) (Entered: 10/19/1994) |
| 10/18/1994 | | CASE NO LONGER REFERRED TO Magistrate Judge Pamela A. Tynes (McDaniel, C) (Entered: 11/09/1994) |
| 10/18/1994 | | CASE ASSIGNED to Magistrate Judge Mildred E. Methvin (McDaniel, C) (Entered: 11/09/1994) |
| 10/19/1994 | | CASE REFERRED to Pro Se Law Clerk for Initial Review. (Davis, C) (Entered: 10/19/1994) |
| 10/19/1994 | | **RECORD LOCATION flag set to SEC P; ( 1 volumes, 0 exhibit folders) (Davis, C) (Entered: 10/19/1994) |
| 11/09/1994 | 4 | MOTION by Freddie J McZeal for reconsideration of [2-1] memorandum order referred to Magistrate Judge Mildred E. Methvin (McDaniel, C) (Entered: 11/09/1994) |
| 11/09/1994 | | **RECORD LOCATION flag set to LAF; ( 1 volumes, 0 exhibit folders) (McDaniel, C) (Entered: 11/09/1994) |
| 11/17/1994 | 5 | ORDER [4-1] motion for reconsideration of [2-1] memorandum order referred to pro se law clerk for evaluation and review ( signed by Magistrate Judge Mildred E. Methvin ) NOE by: ms (McDaniel, C) (Entered: 11/18/1994) |
| 12/02/1994 | 6 | RESPONSE by Freddie J McZeal to [5-1] order (McDaniel, C) (Entered: 12/07/1994) |
| 01/27/1995 | | CASE REFERRED to Magistrate Judge Mildred E. Methvin for Report and Recommendation (McDaniel, C) (Entered: 01/27/1995) |
| 02/13/1995 | 7 | REPORT AND RECOMMENDATIONS by Magistrate Judge Mildred E. Methvin that habeas be Dismissed under Rule 9b . Objections to R and R due by 3/2/95 NOE by ms (McDaniel, C) (Entered: 02/15/1995) |
| 02/21/1995 | 14 | OBJECTION by Freddie J McZeal to [7-1] report and recommendations; see doc #13 ordering Clerk to file this pleading with date of 2/21/95, the date it was received in Magistrate Methvins office (McDaniel, C) (Entered: 06/02/1995) |
| 03/23/1995 | 8 | JUDGMENT; habeas is Dismissed with prejudice (signed by Judge John M. Shaw ) (McDaniel, C) (Entered: 03/24/1995) |
| 03/23/1995 | | Case closed (McDaniel, C) (Entered: 03/24/1995) |
| 04/03/1995 | 9 | NOTICE OF APPEAL by Freddie J McZeal from [8-1] judgment order entered 3/24/95 by Judge John M. Shaw. Fee Status IFP (Reynolds, D) (Entered: 04/04/1995) |

| | | |
|---|---|---|
| 04/03/1995 | 10 | MOTION by Freddie J McZeal for certificate of probable cause with Proposed Order referred to Judge John M. Shaw (Reynolds, D) (Entered: 04/04/1995) |
| 04/03/1995 | 11 | MOTION by Freddie J McZeal to proceed in forma pauperis not referred as IFP previously granted. (Reynolds, D) (Entered: 04/04/1995) |
| 04/04/1995 | | TRANSMITTAL of Notice of Appeal and Certified Copy of Docket to USCA: [9-1] appeal NOE to Judge John M. Shaw w/CPC, Courtroom Deputy and Attorneys: Freddie J McZeal (Reynolds, D) (Entered: 04/04/1995) |
| 04/13/1995 | | NOTICE of Docketing ROA from USCA Re: [9-1] appeal USCA NUMBER: 95-30351 (Reynolds, D) (Entered: 04/13/1995) |
| 05/15/1995 | 12 | CERTIFICATE OF PROBABLE CAUSE denying [10-1] motion for certificate of probable cause (signed by Judge John M. Shaw) NOE by dr (Reynolds, D) (Entered: 05/18/1995) |
| 05/24/1995 | | TRANSMITTED record on appeal to U.S. Court of Appeals: [9-1] appeal; consisting of 1 Volume of Record, 0 Containers of Exhibits, 0 Volumes of Transcript. NOE to Judge John M. Shaw, Courtroom Deputy Attorneys: Freddie J McZeal (Reynolds, D) (Entered: 05/24/1995) |
| 06/01/1995 | 13 | ORDER re document #14; Clerk directed to file document entitled Traverse Application of 2/19/95, the approximate date it was received in Magistrate Methvin's office in Lafayette( signed by Judge John M. Shaw ) NOE by: rw (McDaniel, C) (Entered: 06/02/1995) |
| 08/22/1995 | 15 | JUDGMENT (ORDER) OF USCA (certified copy) Re: [9-1] appeal that motion for CPC is hereby DENIED. NOE to Judge John M Shaw and Courtroom Deputy (Reynolds, D) (Entered: 08/22/1995) |
| 08/22/1995 | | RECORD on appeal returned from U.S. Court of Appeals: [9-1] appeal consisting of 1 Volume of Record, 0 Containers of Exhibits, 0 Volumes of Transcript; record sent to CLOSED SECTION. (Reynolds, D) (Entered: 08/22/1995) |